******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# RONALD SWANSON *v.* MARIANELLA PEREZ-SWANSON
## (AC 43743)

Elgo, Cradle and Harper, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dis-
solved, appealed to this court from the judgment of the trial court
granting the plaintiff's motion to dismiss the defendant's postjudgment
motion for modification of the custody of the parties' children. Pursuant
to the separation agreement, which was incorporated into the judgment
of dissolution, the parties shared joint legal custody of the children and
the plaintiff had primary physical custody. The parties entered into a
postjudgment agreement that permitted the plaintiff to relocate to North
Carolina with the children, provided that, inter alia, the defendant
retained rights to visitation and the plaintiff was required to pay to the
defendant a monthly travel allowance for visitation related expenses.
After the plaintiff and the children relocated, the parties entered into
another postjudgment agreement, which, inter alia, stipulated that the
courts in either Connecticut or North Carolina would have jurisdiction
to decide any issues relating to custody and/or visitation. The plaintiff
filed a petition for registration of a foreign child custody order in a
court in North Carolina, which that court confirmed. The defendant
then filed a motion for modification in Connecticut, claiming that the
plaintiff had failed to pay alimony and the travel allowance in accordance
with their agreement, which impacted her ability to visit the children.
The plaintiff filed a motion to dismiss the defendant's motion for modifi-
cation, asserting that North Carolina was the children's home state and,
as such, the Connecticut court should decline to exercise jurisdiction.
Following a hearing on the motions, the trial court determined that it
no longer had jurisdiction to enter orders relating to the custody and
visitation of the children pursuant to the applicable statute (§ 46b-115*l*
(a) (2)), and, accordingly, it granted the plaintiff's motion to dismiss.
*Held* that the trial court erred in granting the plaintiff's motion to dismiss
the defendant's motion for modification: a trial court's determination
that it lacked continuing jurisdiction to modify custody pursuant to
§ 46b-115*l* (a) (2) required the satisfaction of three factors, namely, that
Connecticut was no longer the children's home state, that the children
lacked a significant relationship with the defendant, who continued to
reside in Connecticut, and that substantial evidence concerning the
children's care, protection, training and personal relationships was no
longer available in Connecticut, and, although the trial court based its
determination that it no longer had jurisdiction to enter custody orders
on the defendant's concession that North Carolina was the children's
home state, it failed to address the remaining two factors.

Argued April 12—officially released July 27, 2021

*Procedural History*

Action for the dissolution of marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Litchfield, where the court, *Shah, J.*, rendered
judgment dissolving the marriage and granting certain
other relief in accordance with the parties' separation
agreement; thereafter, the court, *Danaher, J.*, granted
the plaintiff's motion to dismiss the defendant's motion
to modify custody, and the defendant appealed to this
court. *Reversed; further proceedings.*

*Christopher G. Brown*, for the appellant (defendant).

*Steven H. Levy*, for the appellee (plaintiff).

*Opinion*

CRADLE, J. The defendant, Marianella Perez-Swanson, appeals from the judgment of the trial court dismissing her postjudgment motion to modify custody of the parties' children on the ground that it lacked jurisdiction to enter further orders regarding the custody and visitation of the children under General Statutes § 46b-115*l* (a) (2) because the children had resided with the plaintiff, Ronald Swanson, in North Carolina for at least six consecutive months. Specifically, the defendant claims on appeal that the trial court erred by concluding that it no longer had jurisdiction to enter further orders because the court failed to consider two of the three statutory requirements: namely, whether the defendant maintains a significant relationship with the children and whether substantial evidence concerning the children was available in Connecticut. We agree and reverse the judgment of the trial court.[1]

The following facts and procedural history are relevant to the claims on appeal. The parties were married on April 17, 2004. On January 20, 2015, the plaintiff initiated an action for marital dissolution and physical custody of the parties' three children.[2] On January 21, 2016, the court rendered a judgment of dissolution, finding that the parties' marriage had broken down irretrievably. Pursuant to the judgment and fully incorporated separation agreement, the parties shared joint legal custody of the children, and the plaintiff had primary physical custody.[3]

On May 16, 2018, the defendant filed a motion seeking to preclude the plaintiff from relocating to North Carolina with the children. On June 5, 2018, the plaintiff filed a motion for modification, requesting permission to relocate with the children to Greensboro, North Carolina. On August 14, 2018, the parties entered into an agreement, which gave the parties joint custody of the children but provided for physical residence with the plaintiff in Greensboro, North Carolina. The agreement also established a visitation schedule, which allowed the defendant extended visits with her children in Connecticut during certain months and, during the months the children did not have an extended visit in Connecticut, the defendant had a right to visitation in North Carolina. Additionally, the agreement provided that the plaintiff was to pay the defendant a travel allowance of $800 per month for her visitation related expenses.

In August, 2018, the plaintiff and the three children relocated to North Carolina, while the defendant continued to reside in Connecticut.[4] On July 10, 2019, the parties entered into another postjudgment agreement modifying the plaintiff's obligations and stipulating that either the court in "[Connecticut] or [North Carolina] [would] have jurisdiction to decide any issues relating to custody [and/or] visitation."

The plaintiff filed a petition for registration of a foreign child custody order, dated July 29, 2019, in the district court in Guilford County, North Carolina.[5] On October 7, 2019, the court in North Carolina entered an order confirming the registration of Connecticut's child custody order.

On October 22, 2019, the defendant filed, in Connecticut, a motion for modification claiming that the plaintiff failed to pay the travel allowance and alimony in accordance with the postjudgment agreement, which was preventing her from visiting the children in North Carolina. She asked the court to return the children to her physical custody in Connecticut and, in turn, to implement a visitation schedule for the plaintiff. On November 5, 2019, the plaintiff filed a motion to dismiss the defendant's motion for modification, alleging that North Carolina was the children's home state and, therefore, the Connecticut court should decline to exercise jurisdiction because it was no longer a convenient forum. The defendant filed a reply on November 15, 2019, in which she asserted that the Connecticut court has continuing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), codified in General Statutes § 46b-115 et seq., because she still resides in Connecticut, she has a significant relationship with her children, and substantial evidence related to the children is still available in Connecticut.[6]

On December 9, 2019, the parties appeared before the court, *Danaher*, *J.*, for a hearing on their motions. At the hearing, the defendant, through her attorney, acknowledged that the judgment had been properly registered in North Carolina, that the children had resided in North Carolina for at least six months, and, consequently, that North Carolina was now the children's home state as defined by the UCCJEA.[7] Accordingly, on that same date, the court issued a written order granting the plaintiff's motion to dismiss. The court reasoned that "[t]he defendant acknowledged, in open court, that the custody and visitation orders entered in this court have been properly registered in North Carolina. The defendant further acknowledged that North Carolina is the 'home state' of the three . . . children, as that phrase is defined in General Statutes § 46b-115a (7), in that the children have resided in North Carolina since the summer of 2018. Therefore, this court no longer has jurisdiction to enter further orders regarding custody and visitation of the . . . children. General Statutes § 46b-115*l* (a) (2)." This appeal followed.

On appeal, the defendant claims that the trial court erred by concluding that it lacked continuing jurisdiction to modify custody solely on the ground that North Carolina is the children's home state. She argues that the court failed to consider whether the children had a significant relationship with the defendant, who resides in Connecticut, and whether there was substan-

tial evidence related to the children still available in Connecticut, both of which are required to terminate jurisdiction under § 46b-115*l* (a) (2) of the UCCJEA. We agree.

"At the outset, we note our well settled standard of review for jurisdictional matters. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Firstenberg* v. *Madigan*, 188 Conn. App. 724, 730, 205 A.3d 716 (2019).

"The purposes of the UCCJEA are to avoid jurisdictional competition and conflict with courts of other states in matters of child custody; promote cooperation with the courts of other states; discourage continuing controversies over child custody; deter abductions; avoid [relitigation] of custody decisions; and to facilitate the enforcement of custody decrees of other states. . . . The UCCJEA addresses [interjurisdictional] issues related to child custody and visitation. . . .

"The UCCJEA is the enabling legislation for the court's jurisdiction. . . . The UCCJEA, as adopted in [§ 46b-115 et seq.], provides Superior Courts with exclusive jurisdiction to make a child custody determination by initial or modification decree . . . ." (Citations omitted; internal quotation marks omitted.) *In re Iliana M.*, 134 Conn. App. 382, 390, 38 A.3d 130 (2012).

The UCCJEA, in § 46b-115*l* (a), provides in relevant part that, "a court of this state which has made a child custody determination . . . has exclusive, continuing jurisdiction over the determination until: (1) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state; or (2) a court of this state determines that (A) this state is not the home state of the child, (B) a parent or a person acting as a parent continues to reside in this state but the child no longer has a significant relationship with such parent or person, *and* (C) substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships."[8] (Emphasis added.)

Here, although the defendant conceded that the children had continuously resided in North Carolina for more than six consecutive months with the defendant and, therefore, that North Carolina was the children's home state, that alone is not sufficient to terminate the Connecticut court's continuing jurisdiction. As provided in § 46b-115*l* (a), a court of this state has continuing jurisdiction over the custody order until it has been determined that Connecticut is not the home state of

the children, *and* that the children lack a significant relationship with the defendant who resides in Connecticut, *and* that substantial evidence concerning the children's care, protection, training, and personal relationships is no longer available in Connecticut. Thus, all three of the aforementioned factors must be met and, here, the court made its determination on the basis of only one factor without addressing the remaining factors. Because the court based its determination that it lacked jurisdiction solely on the fact that Connecticut is no longer the home state of the children, it erred in granting the plaintiff's motion to dismiss the defendant's motion to modify custody.[9]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] Although the defendant also alleges that her due process rights were violated because she was not afforded the opportunity to conduct an evidentiary hearing to address the considerations delineated in § 46b-115*l* (a) (2), we need not address this claim because we conclude that the judgment should be reversed and the case remanded for further proceedings for the reasons discussed in this opinion.

[2] At the time of the dissolution proceedings, the parties resided in Connecticut with their children.

[3] Following the judgment of dissolution, the parties modified the separation agreement on several occasions. On October 25, 2016, the parties entered into a postjudgment agreement granting the plaintiff full legal and physical custody of the children, while allowing the defendant supervised visitation contingent on her compliance with the conditions set forth in the agreement. On August 28, 2017, the defendant filed a postjudgment motion for modification and an application for an emergency ex parte order of custody, seeking to prevent the plaintiff from removing the children from the state of Connecticut. In an order dated August 28, 2017, the court granted the defendant's application and determined that the plaintiff could not remove the children from the state of Connecticut. On August 30, 2017, the plaintiff filed a motion to modify the emergency ex parte order, in which he requested the court's permission to temporarily move the children out of Connecticut while awaiting a hearing date to provide the defendant an opportunity to be heard. On August 30, 2017, the court, *Dooley, J.*, granted the plaintiff's motion to vacate the emergency order and scheduled a hearing for September 25, 2017, to address the defendant's motion to modify the agreement. On October 16, 2017, the parties entered into another postjudgment agreement granting them joint legal custody and awarding the plaintiff primary physical custody. The parties further agreed that the plaintiff would provide the defendant with at least four weeks written notice of his intention to relocate the children outside of Connecticut.

[4] Between November, 2018 and April, 2019, the defendant filed several motions in Connecticut, including three motions for contempt and a motion for modification, claiming that the plaintiff had failed to pay alimony and the visitation related expenses pursuant to the postjudgment agreement. The plaintiff filed a motion for modification of alimony and a motion to dismiss the defendant's motion for modification. On April 2, 2019, the court, *Bentivegna, J.*, held a hearing and addressed those motions. In a memorandum of decision dated April 3, 2019, the court concluded that alimony had been paid and there was no arrearage. Therefore, the court denied the defendant's motion for contempt regarding alimony and the travel allowance payments. Additionally, the court found that, on the basis of a mediation provision in the agreement, the parties were required to participate in mediation regarding any current custody and visitation issues and, therefore, denied the motions regarding modification.

[5] The plaintiff filed the petition for registration pursuant to North Carolina General Statutes § 50A-305, entitled "Registration of child-custody determination," which provides in relevant part: "(a) A child-custody determination issued by a court of another state may be registered [and enforced] in this State . . . ." There was no dispute that the plaintiff complied with the

statutory requirements for registering the custody order in North Carolina.

[6] Specifically, the defendant relies on General Statutes § 46b-115*l* (a), which provides in relevant part: "[A] court of this state which has made a child custody determination . . . has exclusive, continuing jurisdiction over the determination until: (1) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state; or (2) a court of this state determines that (A) this state is not the home state of the child, (B) a parent or a person acting as a parent continues to reside in this state but the child no longer has a significant relationship with such parent or person, and (C) substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships."

[7] General Statutes § 46b-115a (7) defines " '[h]ome state' " in relevant part as "the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. . . ."

[8] As noted, § 46b-115*l* (a) provides two separate routes for a court to determine whether it has continuing jurisdiction over a custody determination. Section 46b-115*l* (a) (1) requires a showing that the child, the parents and any person acting as a parent do not presently reside Connecticut. In this case, it is undisputed that the defendant resides in Connecticut. Therefore, that section is inapplicable and we turn to § 46b-115*l* (a) (2).

[9] The plaintiff argues that there was sufficient evidence from which the court could have concluded that the other two factors were satisfied. This argument is belied by the fact that no evidentiary hearing was held on the motions that gave rise to this appeal. Moreover, because the trial court did not consider those factors, it did not make any factual findings pertaining to them. In the absence of requisite findings by the trial court, this court cannot conclude that the trial court was able to determine that all three prerequisites were met. See *Lacic* v. *Tomas*, 78 Conn. App. 406, 410, 829 A.2d 1 ("[I]t is the function of the trial court, not this court, to find facts. . . . Imposing a fact-finding function on this court, therefore, would be contrary to generally established law. Indeed, it would be inconsistent with the entire process of trial fact-finding for an appellate court to do so." (Internal quotation marks omitted.)), cert. denied, 266 Conn. 922, 835 A.2d 472 (2003).

———————————————